ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP - 8 2023

at __10__ o'clock and __15__ min. ___ M
Lucy H. Carrillo, Clerk

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

WAYNE A. MYERS
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Wayne.Myers@usdoj.gov
          KeAupuni.Akina@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELIIKOA KAIMANA FOSTER (01)<br>YOUNG,<br><br>Defendant. | ) CR. NO. 1:22-CR-00106-JAO<br>)<br>) MEMORANDUM OF PLEA<br>) AGREEMENT<br>)<br>)<br>) DATE:<br>) TIME:<br>) JUDGE:<br>)<br>)<br>) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, KELIIKOA KAIMANA FOSTER

YOUNG, and his attorney, Catherine P. Gutierrez, Esq., have agreed upon the

following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in the

Indictment with violating:

     a.   21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Conspiracy to

         Distribute and Possess with Intent to Distribute Methamphetamine;

         Count 1];

     b.   21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Distribution of

         Methamphetamine; Counts 2 and 4];

     c.   21 U.S.C. §§ 841(a)(1) and (b)(1)(A) [Distribution of

         Methamphetamine; Counts 3, 5, 6, and 7]; and

     d.   18 U.S.C. § 1951(a) [Conspiracy to Interfere with Commerce by

         Robbery; Count 8].

2.      The defendant has read the charges against him contained in the

Indictment, and those charges have been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crimes

with which he has been charged.

2

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Count 1 of the Indictment [Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A)]. In return, the government agrees to move to dismiss Counts 2-7 [Distribution of Methamphetamine] and Count 8 [Conspiracy to Interfere with Commerce by Robbery] of the Indictment, as they relate to defendant, after sentencing.

5.      The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.      The defendant enters this plea because he is in fact guilty of Count 1 [Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A)] and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offenses to which he is pleading guilty include:

a.      A term of imprisonment of not less than 10 years and not more than life and a fine of up to $10,000,000, plus a term of supervised release of not less than 5 years and up to life.

3

b.      In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.      **Forfeiture.**   Pursuant to 21 U.S.C. § 853, forfeiture of any (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of a violation of the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

d.      **Loss of Federal Benefits.**   At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.   If this is the

4

defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.     Between at least September 2020 and continuing through at least July 2021, the defendant had a criminal agreement with his co-conspirators, Austin Waiwaiole, Rocky Duque, Travis Dias, and Kaniela Perez, and others, to distribute, and possess with the intent to distribute, what the defendant knew was methamphetamine (actual), a Schedule II controlled substance, on Oahu in the District of Hawaii.

b.     On or about November 10, 2020, the defendant agreed with his co-conspirator, Austin Waiwaiole, to distribute approximately 28 grams (actual) of methamphetamine to a drug customer on Oahu.   After telling Waiwaiole about the nature of the meeting (i.e., that he was about to meet a drug customer to conduct an illegal drug transaction), Waiwaiole agreed to drive the defendant to meet with the

5

drug customer, and then watched as the defendant conducted the transaction, and returned to Waiwaiole's vehicle with $650 in illegal proceeds.

c.      On or about March 15, 2021 the defendant agreed with his co-conspirators, Rocky Duque and Travis Dias, to distribute approximately 442 grams of methamphetamine (actual) to a drug customer on Oahu.   Dias and the defendant agreed that Dias would bring the methamphetamine to a meeting location and deliver it to the defendant who, in turn, would distribute it to the drug customer. After telling Duque that he needed a ride to conduct an illegal methamphetamine transaction, Duque agreed to, and did, use his vehicle to drive the defendant to the meeting location.   At the meeting location, the defendant, Duque, and the drug customer waited in Duque's vehicle for Dias to arrive with the methamphetamine. While waiting in Duque's vehicle, all three discussed the purpose of the meeting, including how to assess the quality of methamphetamine and the profit one can make by trafficking methamphetamine.   After Dias arrived at the meeting location in his vehicle, the defendant exited Duque's vehicle, entered Dias' vehicle, obtained the methamphetamine from Dias, and then returned to Duque's vehicle, where he then handed the methamphetamine to the drug customer, in Duque's presence, inside Duque's vehicle.   The drug customer provided the defendant with $6,500 for the methamphetamine in Duque's presence.

6

d.      On or about June 15, 2021, the defendant agreed with his co-conspirator, Kaniela Perez, to distribute approximately 866 grams (actual) of methamphetamine to a drug customer on Oahu.   Perez and the defendant agreed that Perez would supply the methamphetamine for the transaction.   Pursuant to that agreement, the defendant drove his vehicle to pick up Perez in a parking lot. Perez and the defendant then drove together, in the defendant's vehicle, to a meeting location.   There, the defendant met the drug customer, who fronted $15,000 to the defendant.   The defendant then returned to his vehicle and provided the $15,000 to Perez.   Shortly thereafter, at a nearby location, Perez exited the defendant's vehicle and entered a vehicle, driven by Perez's methamphetamine supplier, and obtained, from that supplier, the methamphetamine for the defendant's drug customer.   The defendant and Perez, who was then carrying approximately three pounds of methamphetamine, entered the drug customer's vehicle and provided approximately two pounds (i.e., approximately 866 grams (actual)) of it to the drug customer.

9.      The parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a.     The parties agree that the defendant is personally accountable for approximately 1,847 grams of methamphetamine (actual), in that the defendant was personally involved with that quantity or it was reasonably foreseeable to the defendant that the conspiracy involved that quantity, resulting in a base offense level of 36 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(2).

   b.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

      c.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

      11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

### APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the

10

defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in 18 U.S.C. § 3742(b).

## FINANCIAL DISCLOSURE

  14. In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

   a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United

11

States Probation officer assigned to the defendant's case.  The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.  The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.  The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b.      The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.  The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.  The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c.      Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before making any transfer

12

of an interest in property with a value exceeding $1,000 owned directly or

indirectly, individually or jointly, by the defendant, including any interest held or

owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.    As part of his acceptance of responsibility and pursuant to 21 U.S.C. §

853, the defendant agrees as follows:

        a.    The defendant agrees to forfeit to the United States all of his

right, title, and interest in the following property (the "Specific Property"):

        i.    a silver Ford F-250 bearing Hawaii registration RGN351

           and

        ii.    a 2016 white Mercedes Benz sedan bearing Hawaii

           registration SFS888.

        b.    The defendant also consents to the entry of a money judgment

in the amount of $24,100.00 in United States currency (the "Forfeiture Money

Judgment").

        c.    The defendant acknowledges that the Specific Property and the

Forfeiture Money Judgment are (1) property constituting, or derived from,

proceeds the person obtained, directly or indirectly, as the result of a violation of

the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2)

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

        d.    The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant waives all constitutional, legal, and equitable defenses to the entry of and collection of the Specific Property and the Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

        e.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal

Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property and the Forfeiture Money Judgment becoming final as to the defendant when entered.

       f.     The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding.   The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

       g.     The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

       h.     The defendant represents and agrees that, within the meaning of 21 U.S.C. § 853(p), the Forfeiture Money Judgment amount, $24,100.00, represents property subject to forfeiture that, as a result of any act or omission of the defendant,

15

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third

party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be

divided without difficulty.

i.      Payment of the Forfeiture Money Judgment shall be made by

postal money order, bank check, or certified check payable to the United States

Marshals Service.

## IMPOSITION OF SENTENCE

16.     The defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or

predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or

rejected by the Court until there has been an opportunity by the Court to consider a

presentence report, unless the Court decides that a presentence report is

16

unnecessary.  The defendant understands that the Court will not accept an

agreement unless the Court determines that the remaining charge adequately

reflects the seriousness of the actual offense behavior and accepting the Agreement

will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.    The defendant understands that by pleading guilty he surrenders

certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges

against him, then he would have the right to a public and speedy trial.   The trial

could be either a jury trial or a trial by a judge sitting without a jury.   The

defendant has a right to a jury trial.   However, in order that the trial be conducted

by the judge sitting without a jury, the defendant, the prosecution, and the judge all

must agree that the trial be conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would be composed of twelve

laypersons selected at random.   The defendant and his attorney would have a say

in who the jurors would be by removing prospective jurors for cause where actual

bias or other disqualification is shown, or without cause by exercising peremptory

challenges.   The jury would have to agree unanimously before it could return a

verdict of either guilty or not guilty.   The jury would be instructed that the

17

defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

       c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

       d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

       e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

       19.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.     The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

22.     The defendant agrees that he will fully cooperate with the United

States.

a.      The defendant agrees to testify truthfully at any and all trials,

hearings, or any other proceedings at which the prosecution requests him to testify,

including, but not limited to, any grand jury proceedings, trial proceedings

involving co-defendants and others charged later in the investigation, sentencing

hearings, and related civil proceedings.

b.      The defendant agrees to be available to speak with law

enforcement officials and representatives of the United States Attorney's Office at

any time and to give truthful and complete answers at such meetings, but he

understands he may have him counsel present at those conversations, if he so

desires.

c.      The defendant agrees he will not assert any privilege to refuse

to testify at any grand jury, trial, or other proceeding, involving or related to the

crimes charged in the Indictment or any subsequent charges related to this

investigation, at which the prosecution requests him to testify.

d.      The defendant agrees that his sentencing date may be delayed

based on the government's need for the defendant's continued cooperation, and

20

agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

        e.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

    23.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.  The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

    24.    Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has

committed an offense.   Pursuant to 18 U.S.C. § 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the charge in Count 1 on the ground that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

      a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.     This Agreement does not require the prosecution to make such a request or motion.

      c.     This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

      d.     Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

    25.   The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written

22

proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.    To become effective, this Agreement must be signed by all signatories listed below.

27.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____          Dated: _____2/22/23_____
KENNETH M. SORENSON
Chief, Criminal Division

_____          Dated: _____2/7/23_____
WAYNE A. MYERS
W. KEAUPUNI AKINA
Assistant U.S. Attorneys

_____          Dated: _____2-6-23_____
KELIIKOA KAIMANA
FOSTER YOUNG
Defendant

_____          Dated: _____2/6/23_____
CATHERINE P. GUTIERREZ, ESQ.
Attorney for Defendant

23